1  LAURA A. STOLL (SBN 255023)
   LStoll@goodwinlaw.com
2  **GOODWIN PROCTER LLP**
   601 South Figueroa Street
3  Suite 4100
   Los Angeles, California 90017
4  Tel.: +1 213 426 2500
   Fax: +1 213 623 1673
5

6  ALLISON J. SCHOENTHAL (*pro hac vice*)
   ASchoenthal@goodwinlaw.com
7  ALYSSA A. SUSSMAN (*pro hac vice*)
   ASussman@goodwinlaw.com
8  **GOODWIN PROCTER LLP**
   620 Eighth Avenue
9  New York, New York 10018
   Tel.: +1 212 813 8800
10 Fax: +1 212 355 3333

11

12 Attorneys for Defendant
   SELECT PORTFOLIO SERVICING, INC.
13

14                    UNITED STATES DISTRICT COURT

15                   CENTRAL DISTRICT OF CALIFORNIA

16

| 17 | FARAH MIRABADI, individually and on behalf of a class of other similarly situated individuals, | Case No. 2:23cv06809−PSG−SP |
|---|---|---|
| 18 | | **DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| 19 | Plaintiff, | |
| 20 | v. | |
| 21 | SELECT PORTFOLIO SERVICING, INC., a Utah Corporation, and DOES 1 through 10, inclusive, | Date:  February 16, 2024<br>Time:  1:30 p.m.<br>Judge: Hon. Philip S. Gutierrez<br>Courtroom:  6A |
| 22 | | |
| 23 | Defendants. | |

24
25
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

I. PLAINTIFF CANNOT SATISFY THE DAMAGES ELEMENT OF HER BREACH OF CONTRACT CLAIM, AND SHE LACKS STATUTORY STANDING UNDER THE UCL AND THE CLRA ............ 1

    A. Plaintiff Has Not Plausibly Alleged the Requisite Actual and Appreciable Damages to State a Breach of Contract Claim. ................ 1

    B. Plaintiff Does Not Have Statutory Standing to Assert Claims Under the CLRA and the UCL .............................................................. 3

    C. Dismissal Of Counts 1, 3, and 4 Is Warranted, Not Remand ............... 4

    D. Plaintiffs' Remaining Points Do Not Raise a Basis to Deny the Motion to Dismiss ................................................................................. 4

II. THE OPPOSITION CONFIRMS THAT ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ON THE MERITS ............................. 5

    A. Plaintiff's Opposition Confirms That She Has Failed to State a Claim for Breach of Contract ................................................................ 5

    B. Plaintiff's Opposition Confirms That She Has Failed to State a Claim Under the Rosenthal Act ........................................................... 6

    C. Plaintiff's Opposition Confirms That She Has Failed to State a Claim Under The UCL ......................................................................... 9

    D. Plaintiff's Opposition Confirms That She Has Failed to State a Claim Under The CLRA ..................................................................... 10

CONCLUSION ....................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Afewerki v. Anaya Law Group,*
  2015 WL 13845131 (C.D. Cal. Jan. 2, 2015) ......................................................... 3

*Aguilera v. Pirelli Armstrong Tire Corp.,*
  223 F.3d 1010 (9th Cir. 2000) ................................................................................ 2

*Alborzian v. JPMorgan Chase Bank, N.A.,*
  235 Cal. App. 4th 29 (2015) ................................................................................. 11

*Alexander v. Carrington Mortgage Services,*
  23 F.4th 370 (4th Cir. 2022) ............................................................................. 7, 8

*Am. Career Coll., Inc. v. Medina,*
  2023 WL 8000273 (C.D. Cal. Oct. 6, 2023) .......................................................... 4

*Becker v. Wells Fargo Bank, N.A., Inc.,*
  2011 WL 1103439 (E.D. Cal. Mar. 22, 2011) ..................................................... 11

*Corona v. PNC Fin. Servs. Grp.,*
  2020 WL 1218258 (C.D. Cal. Mar. 16, 2021) ....................................................... 5

*DiMatteo v. Sweeny, Gallo, Reich & Bolz, L.L.P.,*
  619 F. App'x 7 (2d Cir. 2015) ................................................................................ 8

*Elbert v. RoundPoint Mortg. Servicing Corp.,*
  2020 WL 4818605 (N.D. Cal. Aug. 19, 2020) ..................................................... 10

*Fairbanks v. Superior Court,*
  46 Cal. 4th 56 (2009) ........................................................................................... 11

*Flethez v. San Bernardino Cnty. Empls. Ret. Ass'n,*
  2 Cal. 5th 630 (2017) ............................................................................................. 3

*Flores v. Collection Consultants of California,*
  2015 WL 4254032 (C.D. Cal. Mar. 20, 2015) ....................................................... 7

*Gunter v. CCRC OPCO-Freedom Square, LLC,*
  2020 WL 8461513 (M.D. Fla. Oct. 29, 2020) ........................................................ 8

ii
REPLY MEMORANDUM ISO MOTION TO DISMISS

*Haddock v. Countrywide Bank, NA*,
 2015 WL 9257316 (C.D. Cal. Oct. 27, 2015) ............................................... 1, 3, 6

*Jamison v. Bank of Am., N.A.*,
 194 F. Supp. 3d 1022 (E.D. Cal. 2016) ............................................................. 11

*Kagan v. Gibraltar Savings & Loan Association*,
 35 Cal. 3d 582 (1984) .......................................................................................... 5

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) ........................................................................... 10

*Kolloukian v. Uber Techs.*,
 2015 WL 10990366 (C.D. Cal. Aug. 28, 2015) .................................................. 4

*Langston v. Gateway Mortg. Grp., LLC*,
 2021 WL 234358 (C.D. Cal. Jan. 15, 2021) ....................................................... 8

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
 572 U.S. 118 (2014) ............................................................................................ 4

*Lindblom v. Santander Consumer USA*,
 2016 WL 2841495 (E.D. Cal. May 9, 2016) .............................................. 7, 8, 9

*Meyer v. Sprint Spectrum L.P.*,
 45 Cal. 4th 634 (2009) ........................................................................................ 5

*Nabeel v. Meta Platforms, Inc.*,
 2023 WL 9419151 (C.D. Cal. Nov. 30, 2023) .................................................... 1

*Nw. Requirements Utils. v. F.E.R.C.*,
 798 F.3d 796 (9th Cir. 2015) .............................................................................. 4

*Perez v. JPMorgan Chase Bank, N.A.*,
 2020 WL 2515950 (C.D. Cal. May 8, 2020) ...................................................... 6

*Sanders v. LoanCare, LLC*,
 2020 WL 8365241 (C.D. Cal. Dec. 4, 2020) ...................................................... 5

*Schoshinski v. City of Los Angeles*,
 9 Cal. App. 5th 780 (2017) ................................................................................. 5

*Seeger v. AFNI, Inc.*,
 548 F.3d 1107 (7th Cir. 2008) ............................................................................ 8

*Thomas-Lawson v. Carrington Mortg. Servs., LLC*,
 2021 WL 1253578 (C.D. Cal. Apr. 5, 2021) ...................................................... 8, 11

*Timlick v. Nat'l Enter. Sys., Inc.*,
 35 Cal. App. 5th 674 (2019) ....................................................................................5

*Tuttle v. Equifax Check*,
 190 F.3d 9 (2d Cir. 1999) ........................................................................................8

*United Med. Devices v. Blue Rock Cap.*,
 2016 WL 9047157 (C.D. Cal. Aug. 10, 2016) ........................................................2

*Von Grabe v. Sprint PCS*,
 312 F. Supp. 2d 1285 (S.D. Cal. 2003) ............................................................. 3, 5

*Weast v. Rockport Fin., LLC*,
 115 F. Supp. 3d 1018 (E.D. Mo. 2015) ............................................................. 8, 9

*Wittman v. CBI, Inc.*,
 2016 WL 1411348 (D. Mont. Apr. 8, 2016) ...........................................................9

*Zeppeiro v. Green Tree Servicing, LLC*,
 2014 WL 12596427 (C.D. Cal. Oct. 17, 2014) .......................................................3

**Statutes**

Cal. Civ. Code § 1788.13 ................................................................................................6

Cal. Civ. Code § 1788.17 ................................................................................................6

Cal. Civ. Code § 3287 ................................................................................................ 3, 4

# INTRODUCTION

Plaintiff's Opposition ("Opposition" or "Opp.") ignores or fails to substantively respond to SPS' dismissal arguments, relies on inapposite and out-of-date caselaw, rests upon Plaintiff's mischaracterizations of her own allegations in the Complaint ("Complaint" or "Cmplt.") and SPS' arguments in its Motion to Dismiss ("Motion" or "Mot."), and otherwise misses the mark. In the end, however, Plaintiff's Opposition does not (and cannot) escape the fact that her own allegations and documents which the Court may consider in resolving the Motion[1] demonstrate that (a) Plaintiff lacks statutory standing to assert her UCL and CLRA claims and she cannot satisfy the damages element of her breach of contract claim and (b) all four of Plaintiff's claims fail to state a claim on the merits. This Court should foreclose Plaintiff's attempt to manufacture a class action lawsuit out of SPS charging a fully disclosed, contractually authorized, and legally permissible EZ Pay fee for extracontractual services undisputedly requested by Plaintiff. The Motion should be granted, and this lawsuit dismissed with prejudice.[2]

## I. PLAINTIFF CANNOT SATISFY THE DAMAGES ELEMENT OF HER BREACH OF CONTRACT CLAIM, AND SHE LACKS STATUTORY STANDING UNDER THE UCL AND THE CLRA.

### A. Plaintiff Has Not Plausibly Alleged the Requisite Actual and Appreciable Damages to State a Breach of Contract Claim.

Plaintiff still has not (because she cannot) satisfy the element of her breach of contract claim requiring that a plaintiff plausibly allege "appreciable and actual

---

[1] Plaintiff does not dispute, and so concedes, that the Court may rely on Plaintiff's Deed of Trust ("DOT") (Declaration of Alyssa Sussman ("Sussman Decl.") Ex. 1), Plaintiff's mortgage statements (*id.* Ex. 2), SPS' CLRA Response Letter (*id.* Ex. 3), and the FTC Orders (*id.* Exs. 4-5) in deciding SPS' Motion. *Haddock v. Countrywide Bank, NA*, 2015 WL 9257316, at *8 (C.D. Cal. Oct. 27, 2015) (Gutierrez, J.).

[2] Plaintiff has already attempted to amend her Complaint by asserting new theories and claims in her Opposition, which still cannot save her Complaint from dismissal. As shown below, every one of those attempted arguments fails to state a claim and so further amendment would be futile. *Nabeel v. Meta Platforms, Inc.*, 2023 WL 9419151, at *3 n.4 (C.D. Cal. Nov. 30, 2023).

damage."[3] *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000). This failure to meet a required element of her claim warrants dismissal under Rule 12(b)(6) for failure to state a claim.

Plaintiff concedes that SPS refunded the entire amount of the EZ Pay fees that she paid. Yet, she complains that "she still hasn't been made whole because the interest SPS [allegedly] owes her is still outstanding." Opp. at 5. As an initial matter, contrary to Plaintiff's assertion (Opp. at 4), this Court, of course, "is not required to accept [her] legal conclusion[]" that she was entitled to recover damages on which the supposed interest is owed. *United Med. Devices v. Blue Rock Cap.,* 2016 WL 9047157, at *1 (C.D. Cal. Aug. 10, 2016) (Gutierrez, J.). In any event, interest alone cannot serve as the basis for Plaintiff's claimed damages; "[u]nder California law, a breach of contract claim requires a showing of *appreciable and actual* damage" from the breach itself. *Aguilera*, 223 F.3d at 1015 (emphasis added). Plaintiff still has offered no plausible allegations of any actual and appreciable damage given that she got her money back.

Moreover, Plaintiff delayed in raising her claim to interest until well after she filed this lawsuit, which contravenes the "Notice of Grievance" provision in Plaintiff's Deed of Trust ("DOT"), which required that before filing a lawsuit, Plaintiff notify SPS of her concerns and afford SPS "a reasonable period after the giving of such notice to take corrective action." Sussman Decl. Ex. 1 ¶ 20. As Plaintiff demanded in her pre-suit letter, SPS "fully reimburse[d]" her by refunding the $50.00 in EZ Pay fees that Plaintiff had paid. Sussman Decl. Ex. 3 at 3.[4] SPS "correct[ed] and rectif[ied]" her concerns "by providing the remedies delineated" in that letter. *Id.*[5] Plaintiff cannot now try to save her suit by complaining SPS did not

---

[3] *See* Mot. at 6 (quoting *Aguilera*, 223 F.3d at 1015).

[4] As noted in the Motion, SPS also programmed its servicing system to not charge future EZ Pay fees to Plaintiff. Mot. at 5 (citing Sussman Decl. Ex. 3 at 3).

[5] Plaintiff does not argue (because she cannot) that the pre-suit letter she sent to SPS (Cmplt. Ex. A)—in which she purportedly demanded the relief that would be sufficient to cure her concerns—contained any demand for interest.

give her remedies she never asked for. To hold otherwise would render the pre-suit notice and cure requirement meaningless. *See Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303-04 (S.D. Cal. 2003) (purpose of pre-suit notice and cure requirement is to "facilitate pre-complaint settlements of consumer actions wherever possible").

Plaintiff's citation to Cal. Civ. Code § 3287(a), to argue that she was not made whole because she is owed interest, adds nothing. Any "right to recover" that Plaintiff had could not have "vested" (*id.*) until after she sent the contractually-required pre-suit notice and gave SPS the opportunity to address her stated concerns. *See, e.g., Flethez v. San Bernardino Cnty. Empls. Ret. Ass'n*, 2 Cal. 5th 630, 644 (2017) (no vesting under § 3287 until after pre-suit obligations exhausted). Because SPS compensated Plaintiff in full for the EZ Pay fees she complained about, no prejudgment interest right ever arose under the cited statute.

Plaintiff's concession that SPS refunded the EZ Pay fees that she paid and that she was made whole except for interest—which she is not owed—is insufficient to satisfy the damages element of her breach of contract claim, requiring dismissal.[6]

### B. Plaintiff Does Not Have Statutory Standing to Assert Claims Under the CLRA and the UCL.

Plaintiff does not even attempt to refute SPS' argument that she lacks statutory standing to assert her CLRA and UCL claims. Plaintiff thus has waived any argument that she has statutory standing under the CLRA and UCL. *Haddock*, 2015 WL 9257316, at *8 (failure to "directly address[]" argument in opposition results in waiver).[7]

---

[6] Plaintiff's citation (Opp. at 5) to *Afewerki v. Anaya Law Group*, concerning the *Rosenthal Act's* exemption from liability, is inapt. 2015 WL 13845131, at *3 (C.D. Cal. Jan. 2, 2015). *Afewerki* has no bearing on SPS' argument here: that Plaintiff has not satisfied the damages element of her contract claim (and lacks statutory standing under the CLRA and UCL).

[7] Plaintiff's claimed entitlement to interest fails to support statutory standing under the CLRA and UCL for the same reasons it cannot satisfy the damages element of her breach of contract claim. *See* Section I.A., *supra*. Moreover, damages are not available under the UCL, and so Plaintiff cannot claim she is owed interest on damages to support standing for that claim. *See Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596427, at *10 (C.D. Cal. Oct. 17, 2014). Plaintiff's citation to

### C. Dismissal Of Counts 1, 3, and 4 Is Warranted, Not Remand.

In a misguided (and ultimately failed) attempt to save her lawsuit, Plaintiff attempts to leverage SPS' arguments about statutory standing (and damages) to contend that if SPS is correct there can be no Article III standing and so the proper remedy is remand, not dismissal.[8] SPS did not argue in its Motion that Plaintiff lacks Article III standing. Mot. at 5-7. It is settled that "[u]nlike Article III standing, [] statutory standing does not implicate [the Court's] subject-matter jurisdiction." *Nw. Requirements Utils. v. F.E.R.C.*, 798 F.3d 796, 807 n.9 (9th Cir. 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)); *Kolloukian v. Uber Techs.*, 2015 WL 10990366, at *1 (C.D. Cal. Aug. 28, 2015) (Gutierrez, J.). Plaintiff does not win here because, among other reasons, she has not properly alleged damages and she has not properly stated a CLRA or UCL claim because she has not shown she can meet the statutory elements. Plaintiff cites no caselaw that states that courts must reward a pleader with remand, rather than entering a dismissal, every time the complaint tries but fails to factually allege the requisite harm. Dismissal, not remand, is warranted.

### D. Plaintiffs' Remaining Points Do Not Raise a Basis to Deny the Motion to Dismiss.

Plaintiff tries to change the subject in her Opposition (at 5), arguing that SPS' refund of the EZ Pay fees amounts to an impermissible "pickoff situation." The contention is not true, and unavailing. As an initial matter, contrary to Plaintiff's contention, it is implausible for Plaintiff to claim that SPS' refunding of her EZ Pay fees was a "unilateral payment[]" or an "involuntary receipt of relief." *Id*. Rather, SPS provided the relief that Plaintiff demanded in her pre-suit letter, pursuant to the

---

Cal. Civ. Code § 3287(a) does not change this conclusion because § 3287(a) only "applies to the recovery of damages, not restitution." *Am. Career Coll., Inc. v. Medina*, 2023 WL 8000273, at *9 (C.D. Cal. Oct. 6, 2023) (Gutierrez, J.).

[8] Plaintiff's footnoted contention (Opp at 8 n.3) that she is entitled to unspecified "fees and costs" as a result of the removal is disingenuous. Plaintiff simply opposed SPS' Motion, the same action she would have taken in state court.

spirit of the pre-suit notice requirement to "facilitate pre-complaint settlements" and encourage the defendant to "correct, repair, replace, or otherwise rectify" the alleged violation (*Von Grabe*, 312 F. Supp. 2d at 1303-04), and the Notice of Grievance provision in the DOT, allowing SPS "a reasonable period after [providing] notice to take corrective action." That is exactly what SPS did—it took corrective action by providing the relief Plaintiff requested in her letter.

In any event, SPS' "full[] reimburs[ment]" of Plaintiff's EZ Pay fees in response to her pre-suit letter (Sussman Decl. Ex. 3 at 3) cannot amount to a "pick off." Here, Plaintiff proceeded to file this lawsuit, notwithstanding the letter that SPS had sent to her attorneys, addressing the concerns raised in her pre-suit letter. This is not, as Plaintiff argues, a "pick off" situation where in response to a plaintiff filing a class action lawsuit, the defendant provides a remedy in an attempt to show the named plaintiff is no longer part of the class, thus mooting her claim. Opp. at 5-6.[9] Here, SPS does not argue that Plaintiff's claims were mooted after the lawsuit was filed, so the point is inapposite.

## II. THE OPPOSITION CONFIRMS THAT ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ON THE MERITS.

### A. Plaintiff's Opposition Confirms That She Has Failed to State a Claim for Breach of Contract.

In her two-paragraph argument defending her contract breach claim, Plaintiff contends that SPS' charging of the EZ Pay fees breached the DOT's "Governing Law" provision stating that SPS may not charge fees that are prohibited by law,

---

[9] Plaintiff's cited cases do not advance her argument. *See Schoshinski v. City of Los Angeles*, 9 Cal. App. 5th 780, 802 (2017) (resolving plaintiff's claims *did* moot the lawsuit and there was no "pick off"); *Timlick v. Nat'l Enter. Sys., Inc.*, 35 Cal. App. 5th 674, 685-90 (2019) (analyzing whether defendant fell within *Rosenthal Act*'s liability exception); *Corona v. PNC Fin. Servs. Grp.*, 2020 WL 1218258, at *6-7 (C.D. Cal. Mar. 16, 2021) (same); *see also Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 642-43 (2009) (expressly disapproving, and overruling in part, the holding in *Kagan v. Gibraltar Savings & Loan Association*, 35 Cal. 3d 582 (1984)). *Sanders v. LoanCare, LLC*, 2020 WL 8365241 (C.D. Cal. Dec. 4, 2020), cited at Opp. 6-7, is entirely off-base as it analyzed the voluntary payment doctrine in evaluating an unopposed motion for final approval of a class settlement.

because the EZ Pay fees are allegedly prohibited by the Rosenthal Act. Opp. at 14.[10] As noted in Section II.B. below and as SPS explained in its Motion (at 12-13), Plaintiff has not stated a Rosenthal Act claim so this cannot be the basis for her contract claim. Moreover, Plaintiff does not address SPS' showing in its Motion that the EZ Pay fees are authorized by the "Loan Charges" and "Governing Law" provisions in the DOT, or the wealth of case law SPS cited dismissing similar claims. Mot. at 8-12. By failing to address these arguments made in SPS' Motion Plaintiff has waived any opportunity to do so. *Haddock*, 2015 WL 9257316, at *8. The contract claim should be dismissed.

### B. Plaintiff's Opposition Confirms That She Has Failed to State a Claim Under the Rosenthal Act.

SPS demonstrated that Plaintiff's Rosenthal Act claim under Cal. Civ. Code § 1788.13(e) (prohibiting a representation that a consumer debt may be increased by the addition of fees that may not be legally added) failed to state a claim. Mot. at 14-16. Plaintiff makes no attempt in her Opposition to support her 1788.13(e) theory and so she has abandoned that theory. *Haddock*, 2015 WL 9257316, at *8.

Instead, Plaintiff asserts the new theory—not alleged in her Complaint—that SPS violated the Rosenthal Act because it violated the FDCPA. Opp. at 9 (citing Cal. Civ. Code § 1788.17). Plaintiff then devotes *five pages* to her attempt to support her impermissible new argument. The Court should disregard Plaintiff's § 1788.17 theory raised for the first time in her Opposition. *Perez*, 2020 WL 2515950, at *5 n.2.

Even if the FDCPA bootstrap theory were considered, Plaintiff's allegations fail to state a claim because she does not, and cannot, plausibly allege any FDCPA

---

[10] To the extent Plaintiff now asserts a new theory that SPS breached the DOT because it violated the CLRA and UCL (*see* Cmplt. ¶¶ 45-46, premising contract claim only on Rosenthal Act violation), the Court should disregard Plaintiff's argument that was not alleged in the Complaint. *Perez v. JPMorgan Chase Bank, N.A.*, 2020 WL 2515950, at *5 n.2 (C.D. Cal. May 8, 2020) (Gutierrez, J.) ("Plaintiffs cannot amend their complaint in opposition to a motion to dismiss."). In any event, as shown in the Motion and in Sections II.C. and II.D. below, Plaintiff fails to state a claim for violation of the CLRA and UCL.

violation, and therefore any derivative 1788.17 violation. Plaintiff contends that SPS' charging of the EZ Pay fees violates Section 1692f of the FDCPA because the fees were not authorized by the DOT or by law. But SPS already specifically showed (in addressing the breach of contract theory actually pled in the Complaint) that the EZ Pay fees were authorized by both the DOT—in the "Loan Charges" and "Governing Law" sections—and applicable state and federal law, including the FTC Orders and caselaw confirming that fees charged for mortgage payments made by phone and online are permissible. Mot. at 8-13.

SPS referred this Court to *fifteen* cases dismissing claims challenging the same type of fees Plaintiff challenges here, holding that the fees are authorized by the mortgage agreement and applicable law. Tellingly, Plaintiff does not address the applicable holdings in *any* of those cases.[11] This failure to address SPS' on-point authority confirms that Plaintiff has failed to state *any* claim under the theory that the fees are not authorized by the DOT or by law, including claims under the FDCPA and the Rosenthal Act.

The authorities Plaintiff cites in an attempt to show the EZ Pay fees are not permitted by law do not help her. Plaintiff heavily relies on *Alexander v. Carrington Mortgage Services* (Opp. at 10)—in which the plaintiff asserted a claim under Maryland's debt collection statute ("MCDCA"). 23 F.4th 370 (4th Cir. 2022). No FDCPA claim was asserted in *Alexander*; indeed, the *Alexander* court pointed out the ways the MCDCA differs from the FDCPA (*id.* at 375-76), and the case is inapposite for other reasons as set forth below.[12] Likewise, Plaintiff's reliance (Opp. at 11) on

---

[11] Plaintiff does not even mention any of the cases SPS cited in its Motion, save for an indirect parenthetical reference to an inapposite holding in a different case. *See* Opp. at 12 (referencing *Flores v. Collection Consultants of California*, 2015 WL 4254032 (C.D. Cal. Mar. 20, 2015) for the proposition in *Lindblom* that whether a fee is incidental to the debt is immaterial). SPS offered *Flores* for the proposition that the EZ Pay fee is permitted by law because Plaintiff "cho[se] to affirmatively and separately opt-in to this alternative method" of making her mortgage payment (Mot. at 15-16)—which has nothing to do with whether the fee is "incidental."

[12] First, the Fourth Circuit's decision to reverse turned, in substantial part, on the need to overturn the district court's erroneous view that the defendant there was not a "collector" under the MCDCA. *Id.* at 374-75. Here, SPS does not argue it is not a

the 1999 *Tuttle* decision, and cases citing it, is misplaced. *Tuttle v. Equifax Check* (which affirmed a jury verdict for the *defendant*) declined to rule on the argument Plaintiff puts forth here: that express state law permission is required if a fee is not expressly provided for in the contract. 190 F.3d 9, 13 (2d Cir. 1999). *Tuttle* also did not consider SPS' argument that the fees are permitted under state contract law, and therefore not barred by the FDCPA (or the Rosenthal Act). *Id.* at 11 n.1.[13]

      The cited CFPB advisory opinion (Opp. at 10, 13 (citing CFPB, Opinion Letter on Debt Collection Practices (July 5, 2022) ("Opinion"))) commenting on how some fees might implicate the FDCPA also has no application here. As an initial matter, the Opinion is not binding on this Court. *See Gunter v. CCRC OPCO-Freedom Square, LLC*, 2020 WL 8461513, at *4 (M.D. Fla. Oct. 29, 2020) (an advisory opinion "does not bind the federal courts, nor does it have the force or effect of law"). If the CFPB intended to require that parties and courts follow a particular view of the FDCPA, it would have (but did not) enact a binding regulation. And that would be necessary before it could be dispositive, since the Opinion itself acknowledges that it is contrary to decisional authority—including binding authority in this District. Opinion at 39734 n.25 (citing *Thomas-Lawson v. Carrington Mortg. Servs., LLC*, 2021 WL 1253578 (C.D. Cal. Apr. 5, 2021)).

      Plaintiff's proffered cases in support of her argument that her DOT did not authorize the EZ Pay fee are similarly misplaced. *Lindblom* and *Weast* did not involve

---

"collector" under the Rosenthal Act. Second, the defendant in *Alexander* "concede[d] that the [mortgage] agreements creating the debt do not expressly authorize the convenience fees." *Id.* Here, there is no such concession. Third, unlike in *Alexander*, there is no plausible allegation that SPS did not have a right—or knew it did not have a right—to charge the fees because, as previously explained, SPS was legally permitted to charge them. Indeed, SPS has a right to charge the fees because, among other reasons, the consent orders it entered into with the FTC gave SPS permission to charge the fees.

[13] Plaintiff's other cited case are likewise inapposite. *See DiMatteo v. Sweeny, Gallo, Reich & Bolz, L.L.P.*, 619 F. App'x 7, 10 (2d Cir. 2015) (considering a law firm's demand for attorneys' fees in a Housing Court proceeding); *Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1111 (7th Cir. 2008) (determining service fees on telephone debt were limited to "actual costs" under Wisconsin law); *Langston v. Gateway Mortg. Grp., LLC*, 2021 WL 234358, at *4 (C.D. Cal. Jan. 15, 2021) (concerned FHA loans and applicable regulations).

mortgage agreements.[14] Consequently, those courts did not have occasion to consider provisions like the "Loan Charges" and "Governing Law" provisions in Plaintiff's DOT that are applicable here. Moreover, the defendant in *Weast*—a debt collection agency attempting to collect a medical debt—"d[id] not suggest that the agreement creating the debt authorized the collection of [the] fee." *Weast*, 115 F. Supp. 3d at 1022. Instead, the court in *Weast* evaluated whether the fee was permitted under Missouri law—an issue that is entirely inapposite in this case. *Id.*[15]

Finally, Plaintiff fails in her attempt to negate SPS' agreement with the FTC that permitted SPS to charge the EZ Pay fees. SPS showed the fees are permitted by a federal court Order that permits SPS in particular to charge the fees. Mot. at 13. That Order permits SPS to charge fees that are fully-disclosed and expressly consented to in exchange for a service. Tellingly, Plaintiff does not argue the fees were not disclosed to her or that she did not consent to the fees in exchange for her request to use SPS' EZ Pay services. Instead, she relies on the same flawed reasoning underlying the rest of her FDCPA analysis—that the fees must be affirmatively approved by state law to be valid (Opp. at 11)—that SPS addressed above.[16]

### C. Plaintiff's Opposition Confirms That She Has Failed to State a Claim Under The UCL.

In response to SPS' well-founded arguments, Plaintiff improperly attempts to amend her UCL claim in two fundamental ways. First, despite that Plaintiff

---

[14] *See Lindblom v. Santander Consumer USA*, 2016 WL 2841495, at *1 (E.D. Cal. May 9, 2016); *Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d 1018, 1023 (E.D. Mo. 2015).

[15] *Wittman v. CBI, Inc.*, 2016 WL 1411348, at *4-5 (D. Mont. Apr. 8, 2016) relied on the court's determination that the at-issue fees were "incidental," which, again, is not an argument SPS made.

[16] Plaintiff also contends that the EZ Pay fees were not for services actually rendered, so are not covered by the FTC Orders. The Court should disregard this absurd assertion. As Plaintiff admits, she requested to use SPS' EZ Pay service so that she could make her mortgage payment electronically rather than by mail for free as provided in her mortgage agreement. Cmplt. ¶¶ 9, 22; Mot. at 11. Plaintiff does not contend, in the Complaint or the Opposition, that she did not receive the service that she paid for: the ability to pay her mortgage online.

specifically asserted only a claim for "Violation of the 'Unlawful' Prong of the UCL" (Cmplt. at p. 12), her Opposition attempts to allege violations of the UCL's "unfair" and "fraudulent" prongs. Second, despite premising her "unlawful" UCL claim only on a "violat[ion] [of] the [Rosenthal Act]" (*id*. ¶ 59), Plaintiff now contends her "unlawful" claim is also based on the purported CLRA violation. This Court should not allow Plaintiff's improper attempt to amend her claim through her Opposition.

Plaintiff's new theories of UCL liability fail to state a claim in any event. Plaintiff's "unfair" theory fails because she "has not identified a public policy implicated by [EZ Pay] fees, nor has she pleaded facts sufficient to show the collection of such fees is 'immoral, unethical, oppressive or unscrupulous'" *Elbert v. RoundPoint Mortg. Servicing Corp.,* 2020 WL 4818605, at *3 (N.D. Cal. Aug. 19, 2020).[17] Plaintiff's "fraudulent" UCL theory requires that she meet the stringent pleadings burden of Rule 9(b), which she has not done. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).[18] And her attempt to premise her "unlawful" UCL theory on the CLRA fails, for the reasons in SPS' opening brief and immediately below.

### D. Plaintiff's Opposition Confirms That She Has Failed to State a Claim Under The CLRA.

Plaintiff's Opposition fails to overcome either of SPS' dismissal arguments: (1) that the CLRA does not apply to her allegations and (2) that the CLRA claim is factually and legally deficient. Mot. at 18-19.

As to SPS' first argument that the CLRA does not apply to home mortgages,

---

[17] Plaintiff's vague reference to the "public policy behind the [Rosenthal Act] and the CLRA" (Opp. at 17) is simply a repackaging of her failed "unlawful" theory. And, as shown, Plaintiff's Rosenthal Act and CLRA claims fail to state a claim.

[18] Plaintiff appears to base her "fraudulent" UCL theory on the same purported misrepresentation underlying her CLRA claim: the DOT's provisions that "[SPS] may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law." As explained in Section II.D., *infra*, that is not a misrepresentation, and Plaintiff has not pled at all, never mind with particularity under Rule 9(b), anything deceptive about this DOT provision.

Plaintiff points only to outdated cases that are not controlling law.[19] But SPS directed this Court to clear precedent—including the California Supreme Court's 2009 decision in *Fairbanks v. Superior Court*, 46 Cal. 4th 56 (2009)—supporting its argument that "'mortgage services do not fall within the coverage of the CLRA.'" Mot. at 18 (quoting *Jamison v. Bank of Am., N.A.*, 194 F. Supp. 3d 1022, 1032 (E.D. Cal. 2016)); *see also Becker v. Wells Fargo Bank, N.A., Inc.*, 2011 WL 1103439, at *13 (E.D. Cal. Mar. 22, 2011). This Court should not countenance Plaintiff's attempt at misdirection and should follow the clear caselaw showing that "*Fairbanks* applies with equal force to [mortgage] lenders" and the CLRA therefore does not apply to Plaintiff's claims. *Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 40 (2015).

As to SPS' second argument, Plaintiff still has identified no actionable misrepresentation SPS made to her. Plaintiff appears to argue—for the first time—that the DOT's provision stating "[SPS] may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law" is the purported misrepresentation. Opp. at 16. The Court should disregard this attempt to amend the Complaint. In any event, the DOT provision is not a misrepresentation. As explained, the EZ Pay fees are not prohibited by the DOT or by applicable law—further, they are *permitted* by both. *See Thomas-Lawson*, 2021 WL 1253578, at *6 ("Plaintiffs cannot rely on [the FDCPA's provision prohibiting fees unless they are authorized by the agreement or permitted by law] to establish that the pay-to-pay fees are prohibited by law—such circular reasoning would be illogical, as the statute does not prohibit collection of fees that are *permitted* by law") (emphasis in original).

## CONCLUSION

For the foregoing reasons, and the reasons in SPS' Motion, SPS respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

---

[19] *See* Opp. at 15-16. *Corbett* and *Kagan* are inapposite for the additional reason that car loans and retirement accounts are, of course, not mortgages.

1  Dated: February 2, 2024

2                            Respectfully submitted,

3

4                          By: */s/ Alyssa A. Sussman*

5                            LAURA A. STOLL
                             *LStoll@goodwinlaw.com*

6                            ALLISON J. SCHOENTHAL
                             *ASchoenthal@goodwinlaw.com*

7                            ALYSSA A. SUSSMAN
                             *ASussman@goodwinlaw.com*

8

9                            Attorneys for Defendant
                             SELECT PORTFOLIO SERVICING,

10                           INC.